IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID J. BALL,**

    **Plaintiff,**

                                                                           Civil Action 2:20-cv-1759
                                                                           Judge Michael H. Watson
        v.                                                     Chief Magistrate Judge Elizabeth P. Deavers

**STATE OF OHIO,** *et al.*,

    **Defendants.**

**ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION**

    Plaintiff, David J. Ball, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against the State of Ohio and the Ohio Department of Rehabilitation and Correction. (ECF No. 1.) This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis*, which is **GRANTED**. (*Id*.) Plaintiff is required to pay the full amount of the Court's $350.00 filing fee. 28 U.S.C. § 1915(b)(1).

    Plaintiff's April 3, 2020, account statement reveals that he currently possesses the sum of $13.53 in his prison account, which is insufficient to pay the full filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (#A765232) at North Central Correctional Complex is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's claims against both Defendants be **DISMISSED WITHOUT PREJUDICE**.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

3

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

4

## II.

Plaintiff is an inmate at the North Central Correctional Complex ("NCCC") where he works in food service. (ECF No. 1-1 at 5.) He alleges that he is in harm's way of the novel coronavirus because the inmates at the prison are not able to remain six feet apart from one another. (*Id.*) Plaintiff further alleges that the prison is not testing the staff before entering the prison. (*Id.*) Plaintiff has health problems and believes that "overpacked dorms," "NCCC not following the [six foot] rule," and "not testing any staff" constitutes a "death sentence" for him. (*Id.*) He requests this Court to order the testing of all staff and grant him monetary damages of $250,000.00 for putting his life at risk. (*Id.* at 6.)

Plaintiff indicates in his Complaint that there *is* a prisoner grievance procedure in the institution, but that he did not present these facts to the prison using it. (*Id.* at 3.) He notes that he did notify prison authorities, including some staff members and the warden, but "was told [they are] doing what is told to them by Ohio Department of Health." (*Id.*)

Under 42 U.S.C. § 1997e(a), as amended by the PLRA, "a prisoner confined in any jail, prison, or other correctional facility" may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (citation omitted)). This mandatory exhaustion requirement applies to all lawsuits relating to prison conditions, regardless of the nature of the wrong or the relief sought. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). To properly exhaust, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and . .

. follow the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Jones*, 549 U.S. at 217–18 (noting that proper exhaustion requires "[c]ompliance with prison grievance procedures"). The purpose of the exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Mattox v. Edelman*, 851 F.3d 583, 591 (6th Cir. 2017) (quoting *Reed-Bey*, 603 F.3d at 324–25).

Ohio has established a procedure for resolving inmate complaints. Ohio Admin. Code § 5120–9–31. To properly exhaust a claim seeking relief "regarding any aspect of institutional life that directly and personally affects the [inmate]," an inmate at an ODRC facility must comply with its three-step grievance system. *Id*. For the first step, the inmate must submit an informal complaint to the staff member or to the direct supervisor of the staff member or to the department most directly responsible over the subject matter with which the inmate is concerned. Ohio Admin. Code § 5120–9–31(K)(1). If the inmate is not satisfied with the results at the first step, he may take the second step by filing a formal grievance with the inspector of institutional services at the prison where he is confined. Ohio Admin. Code § 5120–9–31(K)(2). That inspector will investigate the matter and issue a written response to the inmate's grievance within fourteen calendar days of receipt. *Id*. If the inmate is still dissatisfied, he may pursue the third step, which is an appeal to the office of the Chief Inspector of ODRC. Ohio Admin. Code § 5120–9–31(K)(3). An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector. *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-00749, 2013 WL 3222902, at *4 (S.D. Ohio June 25, 2013).

While this exhaustion requirement is an affirmative defense, "[a] complaint is subject to dismissal for failure to state claim if the allegations, taken as true, . . . show that relief is barred by an affirmative defense." *Mattox*, 851 F.3d at 590 (quoting *Jones*, 549 U.S. at 215).

Applying the foregoing authority, the Undersigned concludes that Plaintiff failed to properly exhaust his administrative remedies before seeking judicial relief. Plaintiff acknowledges in his Complaint that NCCC has a grievance system but that he did not use it prior to filing this lawsuit. (ECF No. 1-1 at 3.) In reaching this conclusion, the Undersigned does not intend to diminish the risk of COVID-19 at NCCC. However, the exhaustion requirements of the PLRA are mandatory and may not be altered for special circumstances. *See Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special] circumstances into account.").

## III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to comply with the PLRA's exhaustion requirements. The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

**Date: April 23, 2020**                              /s/ *Elizabeth A. Preston Deavers*
                                                                **ELIZABETH A. PRESTON DEAVERS**
                                                                **CHIEF UNITED STATES MAGISTRATE JUDGE**